IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY<br>3000 S. Ashland Ave.<br>Chicago, Illinois 60608<br><br>       - and -<br><br>MARKET CUTS, LLC<br>3000 S. Ashland Ave.<br>Chicago, Illinois 60608<br>                 Plaintiffs,<br><br>       - against -<br><br>DOM'S MARKET, LLC,<br>d/b/a DOM'S KITCHEN & MARKET<br>27300 N. Halsted St.<br>Chicago, Illinois 60614<br><br>       - and -<br><br>DOM'S MARKET HOLDCO, INC.<br>1165 N. Clark Street, Ste. 412<br>Chicago, Illinois 60610<br><br>       - and –<br><br>FOXTROT RETAIL, INC.<br>167 N. Green Street, Ste. 1100<br>Chicago, Illinois 60607<br><br>       - and –<br><br>FOXTROT VENTURES, INC.<br>167 N. Green Street, Ste. 1100<br>Chicago, Illinois 60607<br><br>       - and –<br><br>OUTFOX HOSPITALITY LLC<br>167 N. Green Street, Ste. 1100<br>Chicago, Illinois 60607 | Civil Action No. |

- 1 -

- and –

JAY L. OWEN, JR.
875 Village Road
North Palm Beach, Florida 33408-3331

- and -

ROBERT A. MARIANO
159 E. Walton Place, Apartment 5G
Chicago, Illinois 60611-1966

- and -

DONALD G. FITZGERALD
340 E. Randolph Street, Apartment 502
Chicago, Illinois 60601-7439

- and -

ROBERT W. TWYMAN
143 Boylston Street, Apartment 1
Malden, Massachusetts 02148-7930

Defendants.

## COMPLAINT
### (To Enforce Payment from Produce Trust)

Plaintiffs Anthony Marano Company ("AMC") and Market Cuts, LLC ("Market") (AMC and Market collectively, "Plaintiffs"), by and through undersigned counsel, as and for their complaint against defendants Dom's Market, LLC, d/b/a Dom's Kitchen & Market ("Dom's Market"), Dom's Market Holdco, Inc. ("Dom's Holdco"), Foxtrot Retail, Inc. ("Foxtrot Retail"), Foxtrot Ventures, Inc. ("Foxtrot Ventures"), Outfox Hospitality, LLC ("Outfox Hospitality"), Jay L. Owen, Jr. ("Owen"), Robert A. Mariano ("Mariano"), Donald G. Fitzgerald ("Fitzgerald"), and Robert W. Twyman ("Twyman") (Dom's Market, Dom's Holdco, Foxtrot Ventures, Foxtrot Retail,

Outfox Hospitality, Owen, Mariano, Fitzgerald, and Twyman collectively, "Defendants"), allege as follows:

## JURISDICTION AND VENUE

1.       Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

2.       Personal jurisdiction exists over each Defendant as they transact business in this district and have sufficient minimum contacts such that this proceeding does not offend traditional notions of fair play and justice.

3.       Venue in this district is based on 28 U.S.C. § 1391 in that some of the Defendants reside in this district and a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

4.       a).   Plaintiff, Anthony Marano Company, is an Illinois corporation with its principal place of business in Chicago, Illinois, engaged in the business of buying and selling wholesale quantities of fresh fruits and fresh vegetables ("Produce") in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

b).    Plaintiff, Market Cuts, LLC, is an Illinois limited liability company with its principal place of business in Chicago, Illinois, engaged in the business of buying and selling Produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

5.      a).    Defendant, Dom's Market LLC, d/b/a Dom's Kitchen & Market, is a Delaware

limited liability company with its principal place of business in Chicago, Illinois, that was engaged in the business of operating grocery markets and buying and selling Produce in interstate commerce, and was, at all relevant times, subject to and licensed under the provisions of PACA as a dealer.

b). Defendant, Dom's Market Holdco., Inc., is a Delaware corporation with its principal place of business in Chicago, Illinois that, upon information and belief, is a related entity to Dom's Market, LLC and was engaged at all pertinent times in business as a holding company that holds the assets and controls the operations of Dom's Market, LLC, and is listed as a principal on the PACA license for Dom's Market.

c). Foxtrot Retail, Inc., is an Illinois corporation with its principal place of business in Chicago, Illinois, that upon information and belief, is a related entity to Dom's Market, LLC and was engaged at all pertinent times in the business of operating convenience markets in different areas, including but not limited to Chicago, Illinois.

d). Foxtrot Ventures, Inc., is a Delaware corporation with its principal place of business in Chicago, Illinois that, upon information and belief, is a related entity to Dom's Market, LLC and was engaged in business as a holding company that holds the assets and controls the operations of Foxtrot Retail, Inc.

e). Outfox Hospitality, LLC, is Delaware limited liability company with its principal place of business in Chicago, Illinois that, upon information and belief, is either a parent company or a successor in interest and/or the resulting entity following an alleged merger of Dom's Market, Dom's Holdco, Foxtrot Retail, and Foxtrot Ventures, that at all relevant times engaged in the business of overseeing the operations of Dom's Market, Dom's Holdco, Foxtrot Retail, and Foxtrot Ventures, including buying and selling Produce in interstate commerce, and was at all relevant times subject to license under the provisions of PACA as a dealer.

f).     Defendant Owen was at all relevant times a member, manager, officer, and/or equity holder of Dom's Market and Dom's Holdco and, upon information and belief, a director of Outfox Hospitality, who during the period of time in question controlled the operations of the corporate Defendants and is and was in a position of control over the PACA trust assets belonging to Plaintiffs, as evidenced by his being listed on the PACA license for Dom's Market, and therefore subject to the PACA.

g).     Defendant Mariano was at all relevant times a member, manager, officer, and/or equity holder of Dom's Market and Dom's Holdco and, upon information and belief, a director of Outfox Hospitality, who during the period of time in question controlled the operations of the corporate Defendants and is and was in a position of control over the PACA trust assets belonging to Plaintiffs, as evidenced by his being listed on the PACA license for Dom's Market, and therefore subject to the PACA.

h).     Defendant Fitzgerald was at all relevant times a member, manager, officer, and/or equity holder of Dom's Market and Dom's Holdco, who during the period of time in question controlled the operations of Dom's Market and Dom's Holdco and is and was in a position of control over the PACA trust assets belonging to Plaintiffs, as evidenced by his being listed on the PACA license for Dom's Market, and therefore subject to the PACA.

i).     Defendant Twyman was from March 11, 2024, to the present the Chief Executive Officer of Outfox Hospitality, who during the period of time in question controlled the operations of Outfox Hospitality and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs, and therefore subject to the PACA.

## **GENERAL ALLEGATIONS**

6.     This action is brought to enforce the trust provisions of P.L. 98-273, the 1984

amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

7.     In or about November 2023, Defendants Dom's Market and Foxtrot Retail announced that they planned a merger between the two companies by the end of 2023.

8.     Between March 27, 2024 and April 20, 2024, Plaintiffs sold and delivered to Defendant Dom's Market wholesale quantities of Produce and other goods that had been shipped in interstate commerce or contemplation thereof having an aggregate worth of $208,150.99 (the "Transactions") as follows:

| Plaintiff | Dates | Produce Amt | Other Goods Amt | Total |
|---|---|---|---|---|
| AMC | 03/27/24 thru 04/20/24 | $190,699.09 | $13,935.00 | $204,634.09 |
| Market Cuts | 03/27/24 thru 04/20/24 | $ 3,516.90 | $0.00 | $    3,516.90 |
| TOTAL | | $194,215.99 | $ 13,935.00 | $208,150.99 |

9.     Defendant Dom's Market failed to make full payment for the Produce and other goods when due, and instead abruptly ceased operations on April 23, 2024, as did Defendant Foxtrot Retail and all other retail entities operating under the oversight of Defendant Outfox Hospitality, leaving Plaintiffs unpaid in the principal amount of $208,150.99.

10.     At the time of receipt of the Produce from Plaintiffs, Plaintiffs became beneficiaries in a statutory trust designed to assure payment to Produce suppliers.  The trust consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the trust.

11.     Plaintiffs preserved their respective interests in the PACA trust in the aggregate

principal amount of $194,215.99 by issuing invoices to Defendants for each transaction which contain the statutory language required by 7 U.S.C. § 499e(c)(4). Plaintiffs remain beneficiaries of the PACA trust until full payment is made for the Produce.

12.     Defendants' failure and refusal to pay Plaintiffs, and cessation of Defendants' retail operations without paying Plaintiffs demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

**COUNT ONE**
**(Injunctive Relief – All Defendants)**

13.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14.     The failure of Defendants to make payment to Plaintiffs of trust funds in the aggregate amount of $194,215.99 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

15.     Pursuant to PACA and the prevailing cases, Plaintiffs are entitled to injunctive relief against the foregoing Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiffs, and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties.

WHEREFORE, Plaintiffs demand preliminary and permanent injunctions be entered enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiffs and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties, and any other relief deemed just and owing.

**COUNT TWO**
**(Failure to Make Prompt Payment of Trust Funds – Defendants Dom's Market, Owen,**
**Mariano, Fitzgerald, and Twyman)**

16.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 15 above

- 7 -

as if fully set forth herein.

17.     Defendant Dom's Market received each of the Produce shipments on which this action is based.

18.     Defendants are required to promptly tender to Plaintiffs full payment for those shipments pursuant to PACA.

19.     Defendants failed and refused to pay for the Produce supplied by Plaintiffs within the payment terms agreed to between the Parties.

20.     As a direct and proximate result of Defendants' failure to pay promptly, Plaintiffs have incurred damages in the amount of $194,215.99, plus interest from the date each invoice became past due, costs and attorneys' fees.

**WHEREFORE**, Plaintiffs request judgment against Defendants, jointly and severally, in the aggregate principal amount of $194,215.99 under the trust provisions of PACA, and any other relief deemed just and owing.

## COUNT THREE
### (Unlawful Dissipation of Trust Assets by a Corporate Official – Defendant Owen)

21.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22.     Defendant Owen is and was a member, manager and/or equity holder of Dom's Market, as well as a Director of Defendant Outfox Hospitality, who upon information and belief operated Dom's Market during the relevant time period or prior thereto and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

23.     Defendant Owen failed to direct Dom's Market to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the Produce they supplied.

24.     Defendant Owen's failure to direct Dom's Market to maintain PACA trust assets and

pay Plaintiffs for the Produce they supplied was an unlawful dissipation of trust assets by a corporate official.

25.     As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiary in the PACA trust and have been denied payment for the Produce they supplied.

**WHEREFORE**, Plaintiffs request judgment against Defendant Owen in the aggregate principal amount of $194,215.99 under the trust provisions of PACA, and any other relief deemed just and owing.

## COUNT FOUR
### (Unlawful Dissipation of Trust Assets by a Corporate Official – Defendant Mariano)

26.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27.     Defendant Mariano is and was a member, manager and/or equity holder of Dom's Market, as well as a Director of Defendant Outfox Hospitality, who upon information and belief operated Dom's Market during the relevant time period or prior thereto and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

28.     Defendant Mariano failed to direct Dom's Market to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the Produce they supplied.

29.     Defendant Mariano's failure to direct Dom's Market to maintain PACA trust assets and pay Plaintiffs for the Produce they supplied was an unlawful dissipation of trust assets by a corporate official.

30.     As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiary in the PACA trust and have been denied payment for the Produce they supplied.

**WHEREFORE**, Plaintiffs request judgment against Defendant Mariano in the aggregate principal amount of $194,215.99 under the trust provisions of PACA, and any other relief deemed just and owing.

## COUNT FIVE
### (Unlawful Dissipation of Trust Assets by a Corporate Official – Defendant Fitzgerald)

31.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32.     Defendant Fitzgerald is and was a member, manager and/or equity holder of Dom's Market, who upon information and belief operated Dom's Market during the relevant time period or prior thereto and  is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

33.     Defendant Fitzgerald failed to direct Dom's Market to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the Produce they supplied.

34.     Defendant Fitzgerald's failure to direct Dom's Market to maintain PACA trust assets and pay Plaintiffs for the Produce they supplied was an unlawful dissipation of trust assets by a corporate official.

35.     As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiary in the PACA trust and have been denied payment for the Produce they supplied.

**WHEREFORE**, Plaintiffs request judgment against Defendant Fitzgerald in the aggregate principal amount of $194,215.99 under the trust provisions of PACA, and any other relief deemed just and owing.

## COUNT SIX
### (Unlawful Dissipation of Trust Assets by a Corporate Official – Defendant Twyman)

36.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 35 above

as if fully set forth herein.

37.    Defendant Twyman is and was the Chief Executive Officer of Defendant Outfox Hospitality who operated Outfox Hospitality during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

38.    Defendant Twyman failed to direct Outfox Hospitality to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the Produce they supplied.

39.    Defendant Twyman's failure to direct Outfox Hospitality to maintain PACA trust assets and pay Plaintiffs for the Produce they supplied was an unlawful dissipation of trust assets by a corporate official.

40.    As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiary in the PACA trust and have been denied payment for the Produce they supplied.

**WHEREFORE**, Plaintiffs request judgment against Defendant Twyman in the aggregate principal amount of $194,215.99 under the trust provisions of PACA, and any other relief deemed just and owing.

<u>**COUNT SEVEN**</u>
**(Breach of Contract – Defendant Dom's Market)**

41.    Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 40 above as if fully set forth herein.

42.    Dom's Market received Plaintiffs' invoices without objection on or about the dates indicated on the faces of the invoices.

43.    Plaintiffs' invoices to Dom's Market constitute valid and enforceable agreements between the Parties.

- 11 -

44.     Dom's Market breached the terms of the invoices by failing to timely remit payment for the Produce it received from Plaintiff.

45.     Plaintiffs have performed all of the duties, obligations and conditions precedent on their respective parts to be performed under the invoices and in connection with the Transactions.

46.     As a direct and proximate result of the breach of contract by Dom's Market, Plaintiffs have suffered damages in the aggregate principal amount of $208,150.99, plus interest from the date each invoice became past due, costs and attorneys' fees.

**WHEREFORE**, Plaintiffs request judgment against Defendant, Dom's Market, as follows:

a.   In favor of Plaintiff AMC, and against Defendant, Dom's Market, in the principal amount of $204,634.09, and any other relief deemed just and owing.

b.   In favor of Plaintiff Market Cuts and against Defendant, Dom's Market, in the principal amount of $3,516.90, and any other relief deemed just and owing.

## <u>COUNT EIGHT</u>
### (Declaratory Judgment --Unlawful Receipt and Retention – Defendant Dom's Holdco Inc.)

47.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 46 above as if fully set forth herein.

48.     Upon information and belief, Defendants Dom's Market, Owen, Mariano, Fitzgerald, and Twyman transferred proceeds from the sale of Produce and/or assets acquired with proceeds from the sale of Produce belonging to Plaintiffs to Dom's Market Holdco.

49.     Said transfers to Dom's Market Holdco by Defendant Dom's Market, Owen, Mariano, Fitzgerald, and Twyman were made in breach of these Defendants' statutory obligations under the trust provisions of the PACA.

50.     Dom's Market Holdco knew or should have known that said transfers were made in breach of the statutory trust obligations of Defendant Dom's Market under the PACA to Plaintiff by

virtue of Defendants Owen, Mariano, Fitzgerald, and Twyman's management and control of both entities.

51.     Upon information and belief, Dom's Market Holdco used the transferred PACA trust assets to purchase, retain, or maintain certain assets which are impressed with the PACA trust in favor of Plaintiffs.

52.     Upon information and belief, Dom's Market Holdco continues to hold trust assets belonging to Plaintiffs, which it refuses to turn over to Plaintiffs.

53.     Plaintiffs have been damaged by the unlawful receipt and retention by Dom's Market Holdco of trust assets belonging to Plaintiffs.

54.     An actual controversy exists between the parties.

55.     Plaintiffs are entitled to an order declaring that any assets of Dom's Market Holdco acquired, retained and/or maintained with commingled Dom's Market Produce sales proceeds are PACA trust assets belonging to Plaintiffs and directing Dom's Market Holdco to disgorge and transfer any and all such PACA trust assets to Plaintiffs.

WHEREFORE, Plaintiffs request that the Court enter an order declaring that any assets of Dom's Market Holdco acquired, retained and/or maintained with commingled Dom's Market Produce sales proceeds are PACA trust assets belonging to Plaintiffs and directing Dom's Market Holdco to disgorge and transfer all such PACA trust assets to Plaintiffs and enter a judgment in favor of Plaintiffs and against Defendant Dom's Market Holdco in the aggregate principal amount of $194,215.99 plus interest, costs and attorneys' fees.

## COUNT NINE
### (Declaratory Judgment --Unlawful Receipt and Retention – Defendant Foxtrot Retail)

56.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 55 above as if fully set forth herein.

57.    Upon information and belief, Defendants Dom's Market and Twyman transferred proceeds from the sale of Produce and/or assets acquired with proceeds from the sale of Produce belonging to Plaintiffs to Foxtrot Retail.

58.    Said transfers to Foxtrot Retail by Defendant Dom's Market and Twyman were made in breach of these Defendants' statutory obligations under the trust provisions of the PACA.

59.    Foxtrot Retail knew or should have known that said transfers were made in breach of the statutory trust obligations of Defendant Dom's Market under the PACA to Plaintiff by virtue of Defendant Twyman's management and control of both entities.

60.    Upon information and belief, Foxtrot Retail used the transferred PACA trust assets to purchase, retain, or maintain certain assets which are impressed with the PACA trust in favor of Plaintiffs.

61.    Upon information and belief, Foxtrot Retail continues to hold trust assets belonging to Plaintiffs, which it refuses to turn over to Plaintiffs.

62.    Plaintiffs have been damaged by the unlawful receipt and retention by Foxtrot Retail of trust assets belonging to Plaintiffs.

63.    An actual controversy exists between the parties.

64.    Plaintiffs are entitled to an order declaring that any assets of Foxtrot Retail acquired, retained and/or maintained with commingled Dom's Market Produce sales proceeds are PACA trust assets belonging to Plaintiffs and directing Foxtrot Retail to disgorge and transfer any and all such PACA trust assets to Plaintiffs.

WHEREFORE, Plaintiffs request that the Court enter an order declaring that any assets of Foxtrot Retail acquired, retained and/or maintained with commingled Dom's Market Produce sales proceeds are PACA trust assets belonging to Plaintiffs and directing Foxtrot Retail to disgorge and

transfer all such PACA trust assets to Plaintiffs and enter a judgment in favor of Plaintiffs and against Defendant Foxtrot Retail in the aggregate principal amount of $194,215.99 plus interest, costs and attorneys' fees.

**COUNT TEN**
**(Declaratory Judgment --Unlawful Receipt and Retention – Defendant Foxtrot Ventures)**

65.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 64 above as if fully set forth herein.

66.     Upon information and belief, Defendants Dom's Market and Twyman transferred proceeds from the sale of Produce and/or assets acquired with proceeds from the sale of Produce belonging to Plaintiffs to Foxtrot Ventures.

67.     Said transfers to Foxtrot Ventures by Defendant Dom's Market and Twyman were made in breach of these Defendants' statutory obligations under the trust provisions of the PACA.

68.     Foxtrot Ventures knew or should have known that said transfers were made in breach of the statutory trust obligations of Defendant Dom's Market under the PACA to Plaintiff by virtue of Defendant Twyman's management and control of both entities.

69.     Upon information and belief, Foxtrot Ventures used the transferred PACA trust assets to purchase, retain, or maintain certain assets which are impressed with the PACA trust in favor of Plaintiffs.

70.     Upon information and belief, Foxtrot Ventures continues to hold trust assets belonging to Plaintiffs, which it refuses to turn over to Plaintiffs.

71.     Plaintiffs have been damaged by the unlawful receipt and retention by Foxtrot Ventures of trust assets belonging to Plaintiffs.

72.     An actual controversy exists between the parties.

73.     Plaintiffs are entitled to an order declaring that any assets of Foxtrot Ventures

acquired, retained and/or maintained with commingled Dom's Market Produce sales proceeds are PACA trust assets belonging to Plaintiffs and directing Foxtrot Ventures to disgorge and transfer any and all such PACA trust assets to Plaintiffs.

WHEREFORE, Plaintiffs request that the Court enter an order declaring that any assets of Foxtrot Ventures acquired, retained and/or maintained with commingled Dom's Market Produce sales proceeds are PACA trust assets belonging to Plaintiffs and directing Foxtrot Ventures to disgorge and transfer all such PACA trust assets to Plaintiffs and enter a judgment in favor of Plaintiffs and against Defendant Foxtrot Ventures in the aggregate principal amount of $194,215.99 plus interest, costs and attorneys' fees.

## COUNT ELEVEN
### (Declaratory Judgment --Unlawful Receipt and Retention – Defendant Outfox Hospitality)

74. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 73 above as if fully set forth herein.

75. Upon information and belief, Defendants Dom's Market and Twyman transferred proceeds from the sale of Produce and/or assets acquired with proceeds from the sale of Produce belonging to Plaintiffs to Outfox Hospitality.

76. Said transfers to Outfox Hospitality by Defendant Dom's Market and Twyman were made in breach of these Defendants' statutory obligations under the trust provisions of the PACA.

77. Outfox Hospitality knew or should have known that said transfers were made in breach of the statutory trust obligations of Defendant Dom's Market under the PACA to Plaintiff by virtue of Defendant Twyman's management and control of both entities.

78. Upon information and belief, Outfox Hospitality used the transferred PACA trust assets to purchase, retain, or maintain certain assets which are impressed with the PACA trust in favor of Plaintiffs.

79.     Upon information and belief, Outfox Hospitality continues to hold trust assets belonging to Plaintiffs, which it refuses to turn over to Plaintiffs.

80.     Plaintiffs have been damaged by the unlawful receipt and retention by Outfox Hospitality of trust assets belonging to Plaintiffs.

81.     An actual controversy exists between the parties.

82.     Plaintiffs are entitled to an order declaring that any assets of Outfox Hospitality acquired, retained and/or maintained with commingled Dom's Market Produce sales proceeds are PACA trust assets belonging to Plaintiffs and directing Outfox Hospitality to disgorge and transfer any and all such PACA trust assets to Plaintiffs.

WHEREFORE, Plaintiffs request that the Court enter an order declaring that any assets of Outfox Hospitality acquired, retained and/or maintained with commingled Dom's Market Produce sales proceeds are PACA trust assets belonging to Plaintiffs and directing Outfox Hospitality to disgorge and transfer all such PACA trust assets to Plaintiffs and enter a judgment in favor of Plaintiffs and against Defendant Outfox Hospitality in the aggregate principal amount of $194,215.99 plus interest, costs and attorneys' fees.

## COUNT TWELVE
### (Interest and Attorneys' Fees)

83.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 82 above as if fully set forth herein.

84.     PACA and Plaintiffs' invoices entitle Plaintiffs to recover pre-judgment interest and attorneys' fees and costs incurred to collect any balance due from Defendants.

85.     As a result of Defendants' continued failure to make full payment promptly in the

amount of $194,215.99, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees and such other and further relief as the Court deems just and proper.

Dated this 30th day of April, 2024.            Respectfully submitted,

     McCARRON & DIESS            LAW OFFICES OF WILLIAM B. KOHN

By:/s/ Mary Jean Fassett            By: /s/ William B. Kohn
   Mary Jean Fassett, ID#9078552            William B. Kohn, #6196142
   4530 Wisconsin Ave., N.W., Suite 301            364 Iris Lane
   Washington, DC 20016            Highland Park, Illinois 60035
   (202) 364-0400            (312) 553-1200
   mjf@mccarronlaw.com            kohn@wbkohnlaw.com

                                      Attorneys for Plaintiffs